JS-6

```
                              FILED
                    CLERK, U.S. DISTRICT COURT

                        JUL - 9 2009

                 CENTRAL DISTRICT OF CALIFORNIA
                 BY                      DEPUTY
```

Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol # 0918554)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
        Telephone: (213) 894-4983
        Facsimile: (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>          Plaintiff,<br><br>               v.<br><br>**YORBA RIVER, INC. doing business as**<br>**PRO TOWING,**<br>    a California corporation;<br>**SARKIS KARAOGHLANIAN,** Individually<br>    and as Managing Agent of the Corporate<br>    Defendant,<br><br>          Defendants. | Case No. CV 09-04698 RSWL PJWx<br><br><br><br><br>**CONSENT JUDGMENT** |

1)      Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and defendants Yorba River, Inc. doing business as Pro Towing, a California corporation, and Sarkis Karaoghlanian, individually and as managing agent of the corporate Defendant (collectively, "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.      The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as

1 | amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

2 |     B.    Defendants have appeared by counsel, acknowledge receipt of a copy of the
3 | Secretary's Complaint, waive issuance and service of process and waive answer and any
4 | defense herein.

5 |     C.    The Secretary and Defendants waive Findings of Fact and Conclusions of
6 | Law, and agree to the entry of this Consent Judgment in settlement of this action, with-
7 | out further contest.

8 |     D.    Defendants admit that the Court has jurisdiction over the parties and subject
9 | matter of this civil action and that venue lies in the Central District of California.

10 |     E.    Defendants neither admit nor deny the allegations in the Secretary's Com-
11 | plaint.  Defendants are entering into this Consent Judgment in order to speedily and ef-
12 | ficiently resolve this litigation.

13 |     It is therefore, upon motion of the attorneys for the Secretary, and for cause
14 | shown,

15 |     ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers,
16 | agents, servants, and employees and those persons in active concert or participation with
17 | them who receive actual notice of this order (by personal service or otherwise) be, and
18 | they hereby are, pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoined and re-
19 | strained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29
20 | U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

21 |     1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any em-
22 | ployee who in any workweek is engaged in commerce or in the production of goods for
23 | commerce, within the meaning of the FLSA, or employed in an enterprise engaged in
24 | commerce or in the production of goods for commerce, within the meaning of FLSA §
25 | 3(s), 29 U.S.C. § 203(s), wages at a rate less than $6.55 per hour or any such other appli-
26 | cable minimum rate as may hereafter become effective.

27 |     2. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any em-
28 | ployee who in any workweek is engaged in commerce or in the production of goods for

1  commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in
2  commerce or in the production of goods for commerce, within the meaning of FLSA
3  § 3(s), 29 U.S.C. § 203(s), for any workweek longer than 40 hours unless such employee
4  receives compensation for his or her employment in excess of 40 hours in such work-
5  week at a rate not less than one and one-half times the regular rate at which he or she is
6  employed.

7       3. Defendants shall not fail to make, keep, make available to authorized agents of
8  the Secretary for inspection, transcription, and/or copying, upon their demand for such
9  access, and preserve records of employees and of the wages, hours, and other conditions
10  and practices of employment maintained, as prescribed by regulations issued, and from
11  time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and
12  215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regula-
13  tions, Part 516.

14       4. Defendants, jointly and severally, shall not continue to withhold the payment
15  of $30,958.33 in unpaid minimum wage and overtime pay hereby found to be due under
16  the FLSA to the employees named on the attached Exhibit 1. Exhibit 1 shows the name
17  of each employee, the gross back wage amount due the employee and the period covered
18  by the Consent Judgment; and it is further

19       ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered,
20  pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), in favor of the Secretary and against the
21  Defendants in the total amount of $30,958.33 representing the unpaid back wages as de-
22  scribed in paragraph 4 above; and it is further

23       ORDERED that to satisfy the monetary portions of this Judgment, the Defendants,
24  jointly and severally, shall not fail to deliver to the Secretary's authorized representa-
25  tives at the Wage and Hour Division, United States Department of Labor, 100 N. Bar-
26  ranca Avenue, Suite 850, West Covina, CA  91791, the following:

27            a. On or before July 1, 2009, a schedule bearing the name "Pro Towing,"
28       employer identification number, address and phone number of the Defendants,

1  and showing the name, last known home address, social security number, and

2  gross backwage amount for each person listed in the attached Exhibit 1;

3        b.  The payments set forth in the payment scheduled attached hereto as Ex-

4  hibit 2.  Each payment shall be made by a certified or cashier's check or money

5  order payable to the order of the "Wage & Hour Div., Labor" and with "Pro Tow-

6  ing-BW's" and delivered on or before the date set forth in the payment schedule.

7  As set forth on Exhibit 2, the payments include 3% interest on the unpaid balance

8  due under this Judgment;

9        c.  In the event of a default in the timely making of the payment required

10 under this Judgment, the full amount which then remains unpaid, plus interest at

11 the rate of ten percent (10%) per year, from the date of this Judgment until the full

12 amount of this Judgment is paid in full, shall become due and payable upon the

13 Secretary's sending by ordinary mail a written demand to the last business address

14 of the Defendants then known to the Secretary;

15 The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the

16 persons named in the attached Exhibit 1, or to their estates if that be necessary, in her

17 sole discretion.  The Secretary shall be responsible for deducting from the amounts paid

18 to said persons the employees' share of F.I.C.A. and federal income taxes, and for remit-

19 ting said deductions to the appropriate federal agencies.  Any money not so paid within a

20 period of one year from the date of receipt of the last such money due hereunder, be-

21 cause of an inability to locate the proper persons or because of their refusal to accept it,

22 shall be deposited by the Secretary in a special deposit account for payment to the proper

23 persons and upon such inability to pay within three years, shall then be deposited in the

24 Treasury of the United States as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

25 and, it is further

26       ORDERED that the filing, pursuit, and/or resolution of this proceeding with the

27 entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA

28 § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor

1  as to any employee named on the attached Exhibit 1 for any period not specified therein;
2  and, it is further
3       ORDERED that each party shall bear its own fees and other expenses incurred by
4  such party in connection with any stage of this proceeding, including but not limited to
5  attorneys' fees, which may be available under the Equal Access to Justice Act, as
6  amended; and, it is further
7       ORDERED that this Court shall retain jurisdiction of this action for purposes of
8  enforcing compliance with the terms of this Consent Judgment.
9
10 Dated: _July 9, 2009_.                          _Ronald S W Lew_
11                                                 U.S. DISTRICT COURT JUDGE
12 For the Defendants:
13 Each defendant hereby appears, waives
14 service of process and any defense
   herein, consents to the entry of
15 this Judgment, and waives notice by the
16 Clerk of Court:
17
18 For: YORBA RIVER, INC., doing business as Pro Towing
19
20 By: _____          _6-26-09_
21      Authorized Agent                     Date
22 Its: _____
23
24
25 SARKIS KARAOGHLANIAN                   _6-26-09_
26                                           Date
27 ///
28

**Consent Judgment** (Sol #918554)                                    **Page 5 of 6**

1

2   _William I. Yee_                    _June 30, 2009_

3   WILLIAM YEE                              Date

4   Into Champon & Assoc., A Law Corporation

5   1909 W. Valley Boulevard
    Alhambra, CA  91803

6   Tel: (626) 943-9999

7   Fax: (626) 281-1999
    will@intolaw.com

8

9   For the Plaintiff:

10  CAROL. A. DEDEO

11  Deputy Solicitor for National Operations

12
    LAWRENCE BREWSTER
13  Regional Solicitor

14

15  DANIEL J. CHASEK
    Associate Regional Solicitor
16

17  _Susan Seletsky_              _July 2 2009_

18  SUSAN SELETSKY                      Date

19  Senior Trial Attorney
    Office of the Solicitor, U.S. Department of Labor
20

21

22

23

24

25

26

27

28

**Consent Judgment** (Sol #918554)                    Page 6 ~~of 8~~